## Jedwabny v. Philadelphia Transportation Co.

*Herman Moskowitz*, for plaintiffs.

*James C. Welsh*, for defendant.

BOK, P. J., November 30, 1956.—Plaintiffs are the driver and two passengers in an automobile that was in collision with a trolley car. Defendant brought in the driver of the automobile as an additional defendant. The cases were severed and this trial proceeded with the said driver appearing as both plaintiff and additional defendant. The jury found both operators negligent and awarded Stachowicz $100 and Jedwabny $10,500 in damages. Defendant transportation company has asked for a new trial, which we think must be granted.

The driver of the automobile received no personal injuries, and his only claim was for property damages to his car in the amount of $246.

At the beginning of the trial it was called to the trial judge's attention that the driver had no counsel to guide him in his capacity as additional defendant, and everyone in the case got the idea that because he had only a limited claim for property damage, he did not need a lawyer. This overlooked the possibility that he might get a verdict against him alone or jointly for the damages to the other plaintiffs.

The court, rather than counsel for plaintiffs, should bear the blame for allowing this situation to arise. Counsel is entirely reputable and high-minded, and we are faced with an intellectual rather than a personal situation. In that light it is clear that the pressure of conflicting interests is less in a case like this one than in one where the additional defendant's claim as a plaintiff is substantial, for in the latter situation his counsel would naturally prefer to press

the claim as plaintiff and to ask the court to clear him of a defending representation. Here, however, counsel might well prefer to have a verdict against two defendants rather than against one, since the additional defendant's claim as a plaintiff is limited and small.

We think it was the duty of the trial judge to explain the situation to the additional defendant, a thing that was not done. It is not fatal to a trial that he not be represented, but he should be given the chance to make an informed choice. With a heavy joint verdict against him now, he may not even know his rights relative to a request for a new trial or an appeal.

We see no way of giving him a new trial and yet leaving the other plaintiffs with the benefit of their verdict. Since he and they had the same counsel, questions of liability and damages of all three men were uniformly infected by the equivocal position in which the additional defendant was allowed to stand trial.

Though the original defendant raised this point in its motion, it is not affected. A new trial is being awarded as if the additional defendant Atkinson had asked for it. The other point urged by the original defendant has no merit. We know of no precedent that compels every medical expert who testified to relate the physical injury to the accident on pain, if he does not, of having his testimony stricken out. It is enough that one expert should do so, since the case goes to the jury as a whole and not as in separate splinters. Doctor Biele flatly testified that Jedwabny's migraine headaches were caused by his bump on the head in the accident, and hence the necessary causation exists, whether the other experts said so or failed to say so.

A new trial is awarded.